JL

wo

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob P. Smith, | No.   CV-24-01851-PHX-JAT (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| Jason Gunther, | |
| Respondent. | |

Petitioner Jacob P. Smith, who is confined in the Federal Correctional Institution-Phoenix, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and paid the filing fee.  Petitioner has also filed a Motion for an Order Requiring Service (Doc. 8).  The Court will dismiss the Petition and this case and deny the Motion as moot.

**I.     Petition**

In his Petition, Petitioner names Jason Gunther as Respondent.  Petitioner challenges the Federal Bureau of Prisons' (BOP's) calculation of his earned time credits under the First Step Act.

**II.    Discussion**

Petitioner was convicted in the United States District Court for the District of Idaho of possession with intent to distribute methamphetamine and was sentenced to a 77-month term of imprisonment, followed by 5 years on supervised release.  *United States v. Smith*, 4:19-cr-00304-DCN-2 (D. Idaho 2019).

On July 19, 2024, Petitioner filed a § 2241 Petition in this Court, in which he asserts that the BOP has refused to credit him with 586 days of jail credit that the sentencing judge awarded. *Smith v. Gunther*, CV-24-01790-PHX-JAT (MTM). Because Petitioner already has a habeas corpus proceeding pending regarding the calculation of his sentence with respect to his Idaho conviction, the Court will dismiss this case as duplicative. If Petitioner wishes to assert additional grounds regarding the calculation of his sentence, he must do so in an amended petition in CV-24-01790.

**IT IS ORDERED:**

(1) Petitioner's Motion for an Order Requiring Service (Doc. 8) is **denied as moot**.

(2) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed** as duplicative of *Smith v. Gunther*, CV-24-01790-PHX-JAT (MTM).

(3) The Clerk of Court must enter judgment accordingly and close this case.

(4) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 22nd day of November, 2024.

James A. Teilborg
Senior United States District Judge